1  NOLAN HEIMANN LLP
   Jordan Susman, Esq. (SBN 246116)
2  Margo Arnold, Esq. (SBN 278288)
   16000 Ventura Boulevard, Suite 1200
3  Encino, California 91436
   Telephone: (818) 574-5710
4  E-mail: jsusman@nolanheimann.com
           marnold@nolanheimann.com
5
   Attorneys for Plaintiff
6  Leg Avenue, Inc.

7

8
                    **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | LEG AVENUE, INC., a California corporation, | ) Case No.: |
12 | | ) |
   | Plaintiff, | ) **COMPLAINT FOR DAMAGES AND** |
13 | | ) **INJUNCTIVE RELIEF** |
   | vs. | ) |
14 | | ) **1. COPYRIGHT INFRINGEMENT** |
   | JACOBSON HAT COMPANY, INC., a | ) |
15 | Pennsylvania corporation; DOES 1-10, | ) **2. TRADE DRESS INFRINGEMENT** |
   | inclusive, | )    **(15 U.S.C. § 1125)** |
16 | | ) |
   | Defendants. | ) **3. TRADEMARK INFRINGEMENT AND** |
17 | | )    **FALSE DESIGNATION OF ORIGIN** |
   | | )    **(15 U.S.C. § 1125)** |
18 | | ) |
   | | ) **4. UNFAIR COMPETITION** |
19 | | )    **(CAL. BUS. & PROF. CODE § 17200)** |
   | | ) |
20 | | ) **DEMAND FOR JURY TRIAL** |

21

22

23

24

25

26

27

28

Plaintiff Leg Avenue, Inc., by and through its undersigned attorneys, alleges upon knowledge as to itself and its own acts and alleges upon information and belief as to all other matters, brings this Complaint.

**PARTIES**

1. Plaintiff Leg Avenue, Inc. ("Leg Avenue"), is a California corporation organized and existing under the laws of California, with its principal place of business in Los Angeles County, California.

2. Defendant Jacobson Hat Company, Inc. ("Defendant") is a Pennsylvania corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Lackawanna County, Pennsylvania. Defendant manufacturers and distributes apparel and costumes to stores located in California for the purpose of consumer retail sale.

3. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Leg Avenue, who therefore sues said Defendants by such fictitious names. Leg Avenue will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is vested in this Court under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of parties under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claim, as that claim is so closely related to the federal claims brought in this action as to form part of the same case or controversy, specifically, Defendant's creation, marketing, offering for sale, and sale of products that give rise to Leg Avenue's federal copyright infringement, trademark infringement, and related Lanham Act claims.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

### Leg Avenue's Ownership of the Nerd Kit

6. Leg Avenue is a leading manufacturer and seller of women's lingerie and exotic costumes.

7. Leg Avenue is the creator, author, and owner of numerous original costume collections, including the "Nerd Kit" that consists of oversized black horned rimmed glasses with white tape in the middle, an oversized red plaid bow tie, and yellow plaid suspenders.

8. Leg Avenue has been selling the Nerd Kit since 2011.

9. Leg Avenue uses two photographs to advertise and promote the Nerd Kit: (1) one of an attractive man wearing the Nerd Kit with a white short-sleeved button down shirt with high-waisted brown plaid pants, and (2) another of an attractive blonde haired woman wearing the Nerd Kit with a white tank top and high-waisted red plaid pants (collectively, the "Leg Avenue Nerd Kit Photos").

10. The Leg Avenue Nerd Kit Photos were registered for federal copyright in 2011 as part of the 2011 Costumes Leg Avenue Costume catalogue registration, number VA0001766538.

11. Leg Avenue also created and continues to use distinctive packaging to sell the Nerd Kit. The packaging includes dark and light pink vertical stripes, a black bar along the top of the packaging with a faint argyle pattern, and the Leg Avenue Nerd Kit Photos on the top left of the packaging (the "Leg Avenue Nerd Kit Packaging").

///
///
///
///
///
///
///
///

3
COMPLAINT

12. Below and attached hereto as **Exhibit 1** is a true and correct copy of the Leg Avenue Nerd Kit Packaging that includes the Leg Avenue Nerd Kit Photos.



## Defendant's Infringement Activities

13. Defendant is also a manufacturer and seller of women's apparel.

14. But instead of creating original designs, Defendant routinely copies designs from its competitors and creates knock-off goods.

15. One such item that Defendant copied was the Leg Avenue Nerd Kit (the "Importer Nerd Kit") that is identical to Leg Avenue's products in all respects: the same oversized black horned rimmed glasses with white tape in the middle, oversized red plaid bow tie, and yellow plaid suspenders.

16. In addition to copying the Leg Avenue Nerd Kit, Defendant also copied the Leg Avenue Nerd Kit Packaging, including the Leg Avenue Nerd Kit Photos.

17. Defendant's packaging (the "Imposter Nerd Kit Packaging") is identical to the

1  Leg Avenue Nerd Kit Packaging, including the same dark and light pink vertical stripes, the
2  same black bar along the top of the packaging with the same faint argyle pattern, and the same
3  Leg Avenue Nerd Kit Photos on the top left of the packaging.

4      18.    Below and attached hereto as **Exhibit 2** is a true and correct copy of Defendant's
5  Imposter Nerd Kit Packaging.



21      19.    Defendant violated federal law by willfully infringing Leg Avenue's copyright in
22  the Leg Avenue Nerd Kit Photos by copying them on Defendant's Imposter Nerd Kit
23  Packaging.
24      20.    Defendant also violated federal law by willfully infringing Leg Avenue's trade
25  dress rights in the Leg Avenue Nerd Kit Packaging by copying the Imposter Nerd Kit
26  Packaging.
27      21.    Defendant has sold and continues to sell or otherwise make its Imposter Nerd Kit
28  available to the public.

22. Defendant did not license the Leg Avenue Nerd Kit Photos or the Leg Avenue Nerd Kit Packaging for use in the Imposter Nerd Kit Packaging.

23. Defendant does not have Leg Avenue's permission or consent to copy or use any of the Leg Avenue Nerd Kit Photos or the Leg Avenue Nerd Kit Packaging for its Imposter Nerd Kit Packaging.

## **FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501 *et seq*.)**

24. Leg Avenue refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

25. Leg Avenue is the sole and exclusive owner of all rights, title, and interest in the copyrights of the Leg Avenue Nerd Kit Photos which are the subject of valid and existing United States Copyright, bearing copyright registration number VA0001766538.

26. Defendant has directly and willfully infringed Leg Avenue's copyright by reproducing, displaying, distributing, and utilizing the Leg Avenue Nerd Kit Photos for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.

27. All of Defendant's acts are and were performed without permission, license, or consent of Leg Avenue.

28. The foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Leg Avenue's rights.

29. Leg Avenue has and will continue to be damaged as a direct and proximate result of Defendant's willful infringing acts set forth above, and Defendant has profited and will continue to profit as a result of its unlawful infringement of Leg Avenue's copyright in an amount to be proven at trial.

30. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Leg Avenue irreparable injury that cannot be fully compensated by or measured in money damages. Leg Avenue has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Trade Dress Infringement, 15 U.S.C. § 1125)**

31. Leg Avenue refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

32. The Leg Avenue Nerd Kit Packaging has a distinct overall look and feel stemming from its use of dark and light pink vertical stripes, a black bar along the top of the packaging with a faint argyle pattern, and the Leg Avenue Nerd Kit Photos on the top left of the packaging. This distinct look has remained consistent since Leg Avenue first used the Leg Avenue Nerd Kit Packaging in commerce, and consumers identify this distinct look and feel with the Leg Avenue Nerd Kit and the Leg Avenue brand. Thus, the Leg Avenue Nerd Kit Packaging trade dress has acquired secondary meaning, and the consuming public has come to associate this trade dress solely with Leg Avenue.

33. None of the elements of the Leg Avenue Nerd Kit Packaging trade dress are functional.

34. The combination of the nonfunctional elements and the total impression of the Leg Avenue Nerd Kit Packaging is sufficiently distinct that this trade dress identifies Leg Avenue as the source of the Leg Avenue Nerd Kit.

35. Leg Avenue has expended capital and resources to build and promote the Leg Avenue Nerd Kit. Through Leg Avenue's extensive and continuous use and promotion, the Leg Avenue Nerd Kit Packaging trade dress has become a well-known indicator of Leg Avenue's brand and quality, and has acquired secondary meaning.

36. With the manufacturing, marketing, and sale of the Imposter Nerd Kit and Imposter Nerd Kit Packaging, Defendant has intentionally, knowingly, deliberately, and willfully infringed and continues to intentionally, knowingly, deliberately, and willfully infringe Leg Avenue's trade dress rights through its blatant copying of the trade dress in interstate commerce. This intentional, wrongful conduct includes, but is not limited to, the use of the same following elements in the Imposter Nerd Kit Packaging: dark and light pink vertical stripes, a black bar along the top of the packaging with the same faint argyle pattern, and the

Leg Avenue Nerd Kit Photos on the top left of the packaging.

37. Defendant's copying of the trade dress has caused and is likely to continue to cause confusion, mistake, or deception as to the source, affiliation, connection, or association of Defendant's Imposter Nerd Kit Packaging. This includes, for example, the confusion, mistake, or deception that creates initial customer interest in the Imposter Nerd Kit.

38. As a result of Defendant's infringement of Leg Avenue's trade dress, Leg Avenue has suffered damages, as well as the continuing loss of the goodwill and reputation established by it in its trade dress. Leg Avenue has suffered and continue to suffer immediate and irreparable injury for which they have no adequate remedy at law. Leg Avenue is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## THIRD CLAIM FOR RELIEF

**(Trademark Infringement and False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A))**

39. Leg Avenue refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

40. The Leg Avenue Nerd Kit Packaging designates Leg Avenue as the source of the Leg Avenue Nerd Kit. By virtue of Leg Avenue's longstanding and continued use of the Leg Avenue Nerd Kit Packaging in connection its Leg Avenue Nerd Kit, the packaging has acquired fame and secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Leg Avenue Nerd Kit Packaging with Leg Avenue and its quality brand.

41. Defendant has infringed the Leg Avenue Nerd Kit Packaging, and created a false designation of origin, by using the Imposter Nerd Kit Packaging, which contains confusingly similar design elements, in commerce without Leg Avenue's permission.

42. Defendant's unauthorized use of design elements that are confusingly similar to the Leg Avenue Nerd Kit Packaging constitutes a false designation of origin, a false or misleading description of fact, and false or misleading representation of fact.

43. Defendant's unauthorized use of design elements that are confusingly similar to the Leg Avenue Nerd Kit Packaging Trade Dress has caused and is likely to continue to cause

confusion, mistake, and/or deception as to the affiliation, connection or association of Defendant's products with Leg Avenue and the origin, sponsorship or approval of Defendant's products by Leg Avenue.

44. The aforesaid acts constitute trademark infringement, trade dress infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

45. Defendant's acts constitute willful and intentional infringements of the Leg Avenue Nerd Kit Packaging, and Defendant did these acts with the intent to trade upon Leg Avenue's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are associated with, sponsored by, approved by, or originating from Leg Avenue, when they are not.

46. Defendant had actual knowledge of Leg Avenue's ownership and prior use of the Leg Avenue Nerd Kit Packaging, and without consent of Leg Avenue, willfully violated 15 U.S.C. § 1125(a).

47. Defendant has acted in bad faith and/or willfully in using design elements confusingly similar to the Leg Avenue Nerd Kit Packaging in connection with Defendant's products.

48. Defendant's infringing acts have caused and will continue to cause Leg Avenue to suffer irreparable injury to its reputation and goodwill. Leg Avenue does not have an adequate remedy at law to recover for this harm, and it is therefore entitled to injunctive relief.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition, Cal. Bus. & Prof. Code § 17200)**

49. Leg Avenue refers to the allegations contained in the preceding Paragraphs and incorporates them by reference as though fully set forth herein.

50. As set forth above, Defendant has engaged in unlawful business acts or practices, including copyright infringement, trademark infringement, and violations of the Lanham Act— all in an effort to gain unfair competitive advantage by trading on Leg Avenue's efforts and reputation.

51. Defendant's acts and conduct constitute unlawful competition as defined by California Bus. & Prof. Code §§ 17200 *et seq*.

52. In light of Defendant's conduct, it would be inequitable to allow Defendant to retain the benefit of any funds obtained through the unauthorized and unlawful use of Leg Avenue's intellectual property.

53. As a result of Defendant's unfair competition, Leg Avenue has suffered damages through lost sales of the Leg Avenue Nerd Kit, lost profits, as well as the continuing damage to Leg Avenue's business, goodwill, and reputation. Leg Avenue has suffered and continues to suffer immediate and irreparable injury for which there is no adequate remedy at law, and unless Defendant is enjoined from such unfair competition, will continue to suffer irreparable injury. Leg Avenue is entitled to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Leg Avenue prays for an award against Defendant as follows:

1. For actual damages and Defendant's profits in an amount according to proof at trial;

2. For preliminary and permanent injunctions restraining and enjoining Defendant, and all persons acting in concert with it, from copying the Leg Avenue Nerd Kit Photos and Leg Avenue Nerd Kit Packaging or further distributing, displaying, or selling infringing products based thereon;

3. For treble damages;

4. For pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law;

5. For attorneys' fees and costs; and

6. For such other and further relief as the Court may deem just and proper.

//
//
//

**DEMAND FOR JURY TRIAL**

Leg Avenue hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: March 21, 2023                    NOLAN HEIMANN, LLP

By: _____ */s/ Jordan Susman*___
Jordan Susman
Attorneys for Leg Avenue, Inc.